# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ALAMA ROSA INFANTE** | |
| **Plaintiff,** | **8:17CV3163** |
| **vs.** | |
| **THE CITY OF HASTINGS, NEBRASKA; RICK SCHMIDT; RAILEE VAN WINKLE; JERRY ESCH; MICHAEL DOREMUS; KELLY SCARLETT; ALLEN DEDLAK;** | **MEMORANDUM AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Motion to Dismiss, ECF No. 16, and the Motion for Rule 11 Sanctions, filed by the above named Defendants. For the reasons stated below, the Motion to Dismiss will be granted and the Motion for Rule 11 Sanctions will be denied.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1-1, Page ID 11, and assumed true for purposes of the pending Motion to Dismiss.

On or about August 13, 2011, law enforcement officers Rick Schmidt, Railee Van Winkle, Jerry Esch, Michael Doremus, Kelly Scarlett, and Allen Dedlak responded to a call about a disturbance at a home in Hastings, Nebraska, involving many of Infante's family members and friends. Infante arrived at the house after her sister called and asked that she come help resolve an ongoing dispute. Infante's nephew, Juan Anthony Espino, was arrested and charged with two counts of domestic assault. Infante alleges she never interfered with law enforcement when they arrived.

During the investigation and resolution of the disturbance, Infante allegedly overheard Officer Doremus say, "Maybe if we put pressure on them . . . they'll get the hell out of this neighborhood." Comp. ¶ 19, ECF No. 1-1, Page ID 14. Infante also alleges that "[a]fter the day of the Distrubance, the investigating [ ] Officers continued their interviews and investigations, and expanded their investigations in an attempt to make out cases of criminal conspiracy and witness tampering against [her] and other of her family members" when there was no factual basis for doing so. *Id.* at ¶ 21, Page ID 21. Infante was arrested and charged with conspiracy and witness tampering in "late December, 2011[,]" but the charges were "terminated in October 2012." *Id.* at ¶ 24. She alleges the affidavit supporting the request for her arrest warrant also contained false information.

On October 6, 2014, Infante sued the City of Hastings, Nebraska; Adams County, Nebraska; and the State of Nebraska in the District Court for Adams County, asserting four causes of action: (1) negligence, (2) deprivation of property for public use without just compensation in violation of the Nebraska Constitution, (3) deprivation of property without just compensation in violation of Neb. Rev. Stat. § 76–705; and (4) deprivation of her rights under the First, Sixth, Eighth and Fourteenth Amendments to the United States Constitution under color of state law, in violation of 42 U.S.C. § 1983. The action was removed to this Court and Infante's claims against the State of Nebraska were dismissed with prejudice. *Infante v. City of Hastings*, No. 4:15CV3047, 2015 WL 5167267 (D. Neb. Sept. 3, 2015). The rest of her claims were dismissed, without prejudice, under Federal Rule of Civil Procedure 12(b)(6).

On September 27, 2016, another lawsuit was filed in the District Court for Adams County by different plaintiffs, but based on the same facts as those alleged in *Infante*, 2015 WL 5167267. Again, the action was removed to this Court. *Perez v. City of Hastings, Neb.*, 4:16CV3158, 2017 WL 1066574 (D. Neb. March 21, 2017). The Court dismissed the plaintiffs' § 1983 claims under Fed. R. Civ. P. 12(b)(6) and remanded the case to the District Court for Adams County. *Id.* at *6-7.

On May 17, 2017, Infante initiated this action[1] in the District Court of Adams County, Nebraska, and asserted various state and federal law claims against the City of Hastings, Nebraska; Adams County, Nebraska; the State of Nebraska; John and Jane Does 1 through 10; Rick Schmidt; Raelee Van Winkle; Jerry Esch; Michael Doremus; Kelly Scarlett; Allen Dedlak; and Alyson Keiser Roudebush. The case was again removed to this Court and Infante voluntarily dismissed her claims against Adams County, the State of Nebraska, Alyson Keiser Roudebush, and John and Jane Does 1 through 10. ECF No. 18 & 22. None of the individual defendants has been sued in his or her individual capacity.[2] The remaining defendants have moved to dismiss Infante's Complaint in its entirety.

### STANDARD OF REVIEW

---

[1] Plaintiffs' counsel in *Infante, Perez*, and the current lawsuit, has remained the same.

[2] Infante has not clearly and specifically asserted any of her claims against the individuals named as defendants in their individual capacities. *Remington v. Hoopes*, 611 Fed. App'x 883, 885 (8th Cir. 2015) ("We require a 'clear statement' or a 'specific pleading' indicating that the plaintiffs are suing the defendants in their individual capacities.") (quoting *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999)). Thus, the Court must presume that they have been sued in their official capacities only. *Remington*, 661 Fed. App'x at 885 ("[W]hen a plaintiff's complaint is silent . . . about the capacity in which the plaintiff is suing the defendant, our precedent requires us to presume that the plaintiff brings suit against the defendants in only their official capacities.") (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

In addition to several state law claims, Infante asserts claims under 42 U.S.C § 1983 for violations of her rights under the First, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. For the reasons discussed below, the Court concludes that Infante failed to state plausible § 1983 claims against the City of Hastings, and any such claims are barred by the applicable statute of limitations. Her remaining Nebraska state-law claims will be remanded to the District Court for Adams County.

### I. Municipal Liability

As the Court previously noted, Infante has sued the named individual defendants in their official capacities only, *see supra* note 1, and "[a] suit against a governmental official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). The individual defendants named in this lawsuit are police officers of the City of Hastings, Nebraska. Comp. ¶ 6, ECF No. 1-1, Page ID 12. As such, Infante's claims have been asserted against the City of Hastings exclusively.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cook v. City of Bella Villa*, 582 F.3d 840, 848-49 (8th Cir. 2009) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Liability for a constitutional violation will attach to a municipality only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee." *Bolerson v. City of Wentzville, Mo.*, 840 F.3d 982, 985 (8th Cir. 2016) (citing *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013)).

An official policy results when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 946 (8th Cir. 2017) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Liability for an unofficial custom requires the plaintiff to demonstrate: "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that . . . the custom was a moving force behind the constitutional violation." *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *Johnson v. Douglas Cty. Med. Dep't*, 752 F.3d 825, 828 (8th Cir. 2013)).

To state a claim for failure to train or supervise, a plaintiff must plead facts that show: "(1) [the City's] officer-training practices were inadequate; [the City] was

6

deliberately indifferent to the rights of others in adopting these training practices, and [its] failure to train was a result of deliberate and conscious choices it made; and (3) [the City's] alleged training deficiencies caused [the plaintiff's] constitutional deprivation." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (citing *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996)).

Much like her complaints in previous cases based on the same occurrence, Infante has failed to allege sufficient facts in support of her claims that any constitutional violations were the result of an official City of Hastings policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *Infante*, No. 4:15CV3047, 2015 WL 5167267, at *5 (Infante failed to allege "that any policy or custom of the City of Hastings . . . led to any such deprivation of rights."); *Perez*, 4:16CV3158, 2017 WL 1066574, at *6 (identifying the Court's reason for dismissing Infante's § 1983 against the City of Hastings and stating "[t]he Court reaches the same conclusion here."). The Complaint in this case is nearly identical to the one filed in *Perez*, No. 4:16V3158, 2017 WL 1066574, and it similarly "rel[ies] too heavily on labels, conclusions, and 'mere speculation.'" *Id.* at *6 (quoting *Infante*, No. 4:15CV3047, 2015 WL 5167267, at *5). Infante makes the conclusory allegation that her constitutional rights were violated as a result of an official policy, unofficial custom, and improper training and supervision, but she failed to allege any facts in support of that conclusion. She did not identify any of the individual defendants as having any supervisory authority or training responsibilities, and she did not allege the existence of any causal policy or custom employed by the City of Hastings, specifically.

Accordingly, Infante's allegations of municipal liability are too conclusory and they "have not nudged [her] claims across the line from conceivable to plausible." *Perez*, No. 4:16CV3158, 2017 WL 1066574, at *6 (quoting *Twombly,* 550 U.S. at 570).

## II. Statute of Limitations

The length of the statute of limitations for a § 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Thus, the applicable statute of limitations in this case is four years. Neb. Rev. Stat. § 25-207; *see also Anthony K. v. Neb. Dep't of Health and Human Servs.*, 855 N.W.2d 788, 799 (Neb. 2014) ("Section 25-207 requires that actions for an injury to the plaintiff's rights be filed within 4 years from the date on which the action accrued.").

Infante has alleged no facts in support of her § 1983 claims that occurred later than October 2012. The filing of her previous lawsuit, and this Court's dismissal of it, did not toll the limitations period. *Gerhardson v. Gopher News Co.*, 698 F.3d 1052, 1056 (8th Cir. 2012). Although Infante argues she has alleged a continuing violation and, therefore, her § 1983 claims are timely, her Complaint failed to allege any facts in support of her claims that occurred within the limitations period. The allegation that "[t]his case arises out of a course of conduct that began on or about August, 2011, and continued at least through October 5, 2012, *as well as many other instances of a similar vein occurring routinely both before and after those dates, all of which constitute a course of conduct*[,]" is conclusory and insufficient to show the applicability of the continuing violation doctrine. Comp. ¶ 7, ECF No. 1-1, Page ID 12 (emphasis added).

Thus, Infante's § 1983 claims are barred by the statute of limitations and will be dismissed, with prejudice.

## III. State-Law Claims

Under 28 U.S.C.§ 1367(c)(3) the Court "may decline to exercise supplemental jurisdiction" over state law claims if it "has dismissed all claims over which it had original jurisdiction[.]" "In deciding whether to remand a case in this context, the courts consider 'factors such as judicial economy, convenience, fairness and comity.'" *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (quoting *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006)).

The Court has dismissed all of Infante's claims over which it had original jurisdiction. Her claims arise out of the same set of facts as those alleged in *Perez*, 4:16CV3158, 2017 WL 1066574, and the Court previously remanded the *Perez*-plaintiff's remaining state-law claims to the District Court for Adams County, Nebraska. Counsel for the *Perez*-plaintiffs and for Infante is also the same. As such, the Court finds it is most convenient to remand Infante's remaining state law claims to the District Court for Adams County, Nebraska.

## IV. Rule 11 Sanctions

Counsel for the Defendants ask the Court to "require [Infante's counsel] to pay the Defendants' attorney fees and expenses incurred in defending this action." Defs.' Br., ECF No. 21, Page ID 163. Although Defense Counsel complied with the safe-harbor requirements in Rule 11(c)(2), she has not shown that sanctions are warranted. It is her contention that Infante's Complaint was clearly barred by res judicata based on this Court's Orders in *Infante*, No. 4:15CV3047, 2015 WL 5167267, and *Perez*,

9

4:16CV3158, 2017 WL 1066574, and that filing her Complaint violated "Rule 11's prohibition on the filing of frivolous pleadings." Defs.' Br., ECF No. 21-1, Page ID 165. However, Infante was not a plaintiff in *Perez* and her claims against the City of Hastings were previously dismissed without prejudice. *Smith v. Mo. Dep't of Corr.*, 207 Fed. App'x 736 (8th Cir. 2015) (stating "the conditions of res judicata are not met because the first action was dismissed without prejudice") (citing *Rosemann v. Roto-Die, Inc.*, 276 F.3d 393, 398 (8th Cir. 2002)). Thus, Defense Counsel has not shown that the claims in this case were barred by the doctrine of res judicata and the Court will deny the request for Rule 11 sanctions.

Accordingly,

IT IS ORDERED:

1. The Motion for Rule 11 Sanctions, ECF No. 20, is denied;

2. The Motion to Dismiss, ECF No. 16, is granted, in part, as follows:

   Plaintiff Alma Rosa Infante's claims under 42 U.S.C. § 1983 are dismissed, with prejudice; and

   The Motion is otherwise denied;

3. The Parties will bear their own attorney fees, costs, and expenses; and

4. This case is remanded to the District Court for Adams County, Nebraska.

Dated this 9th day of April, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge